LILLY et al. vs. DeLAPERIERE.

COMPLAINT, FROM HALL.    Interest and Usury.    Payment. Pleadings.    (Before Judge Estes.)

Blandford, J.—Under the act of 1879 (Acts 1878-9, p. 184), where suit was brought on a contract which bore on its face a higher rate of interest than seven per cent., it was incumbent on the plaintiff to show affirmatively that no greater rate than that specified in the contract had been taken, and a failure to do so would result in the loss of all interest, and only the principal, after deducting payments, could be recovered. To a suit brought on such a contract a plea of payment would

lie, although the amount paid was paid more than a year before the filing of the plea. On showing that a higher rate than that specified in the contract was taken, the result would be that the principal sum would bear no interest, and the payments made would go in the extinguishment of the principal.

(a) Whether or not the provision in the act of 1875, requiring the filing of certain pleas of usury within twelve months, was repealed by the act of 1879, the plea in this case was not one of those contemplated by such provision.

Judgment reversed.

W. F. Findley ; W. S. Pickrell, for plaintiffs in error.
Dunlap & Thompson, for defendant.

## WILLS.

TESTAMENTARY CAPACITY. CONTEST OF WILL. WHAT ALLEGATIONS ARE NECESSARY. OPINION EVIDENCE OF THOSE NOT EXPERTS.

The subject of insanity, general or special, is in no class of cases more thoroughly discussed than in what are familiarly known as "will cases," in which the testamentary capacity of the (alleged) testator forms the *gravamen* of the controversy. A recent case in Illinois,* in which the limitations to testamentary capacity are fully considered has attracted our attention. It is the old story of religious monomania. An aged man, possessed of a handsome estate makes his will, by which, after a very inadequate provision for his widow and his only child, he bequeathed the bulk of his estate to a well known religious corporation. The widow promptly renounced the provisions of the will, and the daughter contested its validity, alleging that when he executed it, he was of unsound mind by reason of his advanced age, and his highly excited feelings on religious subjects. There was an issue made up by the court, according to the practice of the state, whether the instrument in question was or was not the will of the deceased. The verdict of a jury was adverse to the validity of the will, and the case went up to the supreme court on writ of error, and in that court the judgment was affirmed.

The leading question in this case was, of course, whether at the time of making the will in question the testator was of sound and disposing mind, and the court seems very correctly to have arrived at the conclusion, that the jury was fully warranted in finding that he was not; and further that he was laboring under that form of mental disease us-

*American Bible Society v. Price, N. E. Rep , March 26, 1886 ; p. 126.